

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**DANIEL H. OLINER**
phone: (212) 356-2329
fax: (212) 356-3509
doliner@law.nyc.gov

May 22, 2014

BY ECF
Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Re:   James Lynch v. Raymond Kelly, et al.
      14 CV 0162 (PKC) (LB)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and am assigned to represent defendant Detective Rogelio James (hereinafter referred to as "Detective James") in the above-referenced matter.[1]  For the reasons set forth below, defendant writes to:  (1) respectfully request a *sua sponte* enlargement of time from May 23, 2014 to and including June 23, 2014, within which Detective Edward Sinclair may answer or otherwise respond to the "Amended" Complaint; (2) respectfully request an enlargement of time from May 22, 2014 to and including June 23, 2014, within which defendant Detective James may answer or otherwise respond to the "Amended" Complaint; and (3) to respond to the Court's Order dated February 3, 2014, directing this Office to provide the identity and service address of the John Doe Assistant District Attorney defendant.  This is this Office's first request for an extension of time to respond to the "Amended" Complaint and will not affect any previously schedule deadlines.  This request is made directly to the Court without plaintiff's consent because plaintiff is proceeding *pro se* in this matter.[2]

---

[1] Although this Office had previously identified Detective Rogelio James as "Detective James Rogelio," this was in error.

[2] As of the date of this writing, plaintiff has not provided a telephone number on the docket, nor to this Office, and accordingly, this Office has no way to contact plaintiff directly.  See generally, Civil Docket.

By way of background, plaintiff alleges, *inter alia*, that on either March 14, or March 15, 2012, he was falsely arrested for possession of expired prescription bottles. See generally, "Amended" Complaint. By Order dated February 3, 2014, this Court directed this Office, *inter alia*, to identify the police officers involved in plaintiff's arrest and the Kings County Assistant District Attorney involved in plaintiff's prosecution. See Civil Docket, Entry No. 12. On or about April 21, 2014, this Office identified Detective James and defendant Detective Edward Sinclair (hereinafter referred to as "Detective Sinclair") in response to the Court's Valentin Order. See Civil Docket, Entry No. 16. By Order dated April 22, 2014, this Court deemed the Complaint amended to name Detectives Rogelio and Sinclair as defendants. See Civil Docket, Entry No. 17.

**Enlargement Request**

A review of the Docket indicates that only Detective James has been served with the Summons and "Amended Complaint." See generally, Civil Docket. Upon information and belief, and without making any representations as to whether service has been properly effectuated, this Office recently learned, on or about May 21, 2014, that Detective Sinclair may have been served with the Summons and "Amended" Complaint in this matter on or about May 2, 2014. To date, this Office has not made a decision regarding our representation of Detective Sinclair.

Assuming service has been properly effectuated, pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the facts of the case, whether we may represent Detective Sinclair. He must then determine whether he wishes to be represented by this Office, and if he does, we must obtain his written consent. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Without appearing or making any representations on behalf of Detective Sinclair, this Office writes to respectfully request that the Court, *sua sponte*, extend Detective Sinclair's time to respond to the "Amended" Complaint to and including June 23, 2014, in order to ensure that his defenses are not jeopardized while representation issues are being decided. In addition, this Office respectfully requests that the Court extend Detective James' time to respond to the "Amended" Complaint to and including June 23, 2014, so that we may file a single joint response on behalf of both of the individually-named defendants once representation issues have been decided.

**Response to Valentin Order**

Additionally, in response to the Court's Order dated February 3, 2014, the undersigned notes that, upon information and belief, the Assistant District Attorney ("ADA") who handled the underlying criminal matter was a *pro bono* volunteer attorney, is no longer employed at the Office of the Kings County District Attorney, and he has not authorized service at the Office of the Kings County District Attorney as of this writing.

2

Moreover, we respectfully contend that it would be futile for plaintiff to further amend to name any individual ADA because, based on the allegations set forth in the "Amended" Complaint, under the law, any claims against the ADA in his official capacity would be barred by the Eleventh Amendment, and any claims against the him in his individual capacity would be barred by absolute immunity.

## A.     Official Capacity

To the extent the "Amended" Complaint can be construed as asserting claims against an ADA in his official capacity, those claims are barred by the Eleventh Amendment. A suit for money damages against a district attorney or his or her assistant district attorneys, in their official capacities, is actually a suit against New York State, and is barred by the Eleventh Amendment. Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993); see also, Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (holding that the Eleventh Amendment bars claims for money damages asserted against assistant district attorneys in their official capacities).

## B.     Individual Capacity

Additionally, to the extent the "Amended" Complaint can be construed as asserting claims against an ADA in his individual capacity, those claims are barred by absolute immunity. It is well-settled that state prosecutors have absolute immunity from civil liability for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. See Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993); Ying Jing Gan, 996 F.2d at 530. In determining whether absolute immunity applies, courts apply a "functional approach," looking to the function being performed, rather than to the office or identity of the defendant. See Hill, 45 F.3d at 660; see also, Day v. Morgenthau, 909 F.2d 75 (2d Cir. 1990). Moreover, the fact that a prosecutor may have behaved improperly within the role as prosecutor is legally irrelevant, because the immunity attaches to his function, not the manner in which he or she performed it. See, e.g., Dory, 25 F.3d at 83 (holding that prosecutorial immunity is to be construed broadly and covers all acts, regardless of motivation, associated with prosecutor's advocacy function).

Furthermore, absolute immunity is designed to free the judicial process from the harassment and intimidation associated with litigation. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). With these principles in mind, "district courts are encouraged to determine the availability of an absolute immunity defense at the earliest appropriate stage, and preferably before discovery…because an absolute immunity defeats a suit at the outset, so long as this official's actions were within the scope of the immunity." Deronette v. City of New York, No. 05 CV 5275, 2007 U.S. Dist. LEXIS 21766 (E.D.N.Y. Mar. 27, 2007) (internal citations omitted).

In the instant matter, the only allegations against the ADA are: ". . . after being falsely accused, [plaintiff] [was] detained, and maliciously prosecuted by the defendant [ADA]." See generally, "Amended" Complaint. Not only is this conclusory, plaintiff proffers no allegations whatsoever that the ADA engaged in any conduct outside the scope of his duties in initiating and pursuing a criminal prosecution. Id. Accordingly, any ADA would be entitled to absolute immunity if sued in his individual capacity.

3

**Conclusion**

   Based on the foregoing, the undersigned respectfully requests that the Court, (1) extend, *sua sponte*, the time within which Detective Edward Sinclair may answer or otherwise respond to the "Amended" Complaint from May 23, 2014 to and including June 23, 2014, and to similarly extend the time within which Detective James may answer or otherwise response to the "Amended Complaint" to and including June 23, 2014; and (2) re-consider its ruling requiring this Office to provide plaintiff with the name and service address of the John Doe ADA because any amendment to bring an ADA into this action would be futile based on Absolute Immunity and the Eleventh Amendment.

   Thank you for your consideration herein.

              Respectfully submitted,

               /s/

              Daniel H. Oliner
              Assistant Corporation Counsel
              Special Federal Litigation Division

cc:  James Lynch (*via first class mail*)
   *Plaintiff pro se*
   353 Kingsborough 3rd Walk
   Apt. # 3D
   Brooklyn, New York 11233