UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

| | |
|---|---|
| JAMES LYNCH,<br><br>                                               Plaintiff,<br>-against-<br><br>DETECTIVE JAMES ROGELIO, *Shield* #2660,<br>DETECTIVE EDWARD SINCLAIR, *Shield* #5116,<br>POLICE OFFICER JOHN DOE #1<br>POLICE OFFICER JOHN DOE #2,<br>and JOHN DOE, *Assistant District Attorney,*<br>*Kings County Criminal Court,*<br><br>                                               Defendants. | **ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT EDWARD SINCLAIR**<br><br>14 CV 0162 (PKC) (LB)<br><br><u>Jury Trial Demanded</u> |

------------------------------------------------------------------------ x

Defendant DETECTIVE EDWARD SINCLAIR (hereinafter referred to as "Defendant"), by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the Amended Complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "I" of the Amended Complaint, and all of its subparts, except admits that plaintiff purports to name the parties to this action as stated therein.

2. Paragraph "II-A" of the Amended Complaint sets forth no allegations and, accordingly, requires no response.

3. Paragraph "II-B" of the Amended Complaint sets forth no allegations and, accordingly, requires no response.

4. Denies the allegations set forth in Paragraph "II-C" of the Amended Complaint, except admits that plaintiff was arrested on or about February 15, 2012, at or around 2:20 p.m.

5. Denies the allegations set forth in paragraph "II-D(1)" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein regarding plaintiff's enrollment in a methadone program.[1]

6. Denies the allegations set forth in paragraph "II-D(2)" of the Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II-D(3)" of the Amended Complaint.

8. Denies the allegations set forth in paragraph "II-D(4)" of the Amended Complaint.

9. Denies the allegations set forth in paragraph "II-D(5)" of the Amended Complaint, except admits that plaintiff was arrested on or about February 15, 2012, on charges of Criminal Possession of a Controlled Substance in the Seventh Degree (N.Y.P.L. § 220.03), and was transported to the 77th Precinct.

10. Denies the allegations set forth in paragraph "II-D(6)" of the Amended Complaint.

11. Denies the allegations set forth in paragraph "II-D(7)" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein regarding whether plaintiff requested a lawyer.

---

[1] For the Court's convenience, Defendant has numbered the sentences of paragraph "II-D" of plaintiff's Complaint and its addendum. A copy of the renumbered Complaint is annexed hereto as "Exhibit A."

12. Denies the allegations set forth in paragraph "II-D(8)" of the Amended Complaint.

13. Denies the allegations set forth in paragraph "II-D(9)" of the Amended Complaint, except admits that plaintiff was arraigned on charges of Criminal Possession of a Controlled Substance in the Seventh Degree (N.Y.P.L. § 220.03), and that he was released on his own recognizance on or about February 16, 2012.

14. Denies the allegations set forth in paragraph "II-D(10)" of the Amended Complaint, except admits that on or about April 10, 2012, the criminal charges against plaintiff were dismissed on motion of the District Attorney.

15. Denies the allegations set forth in paragraph "II-D(11)" of the Amended Complaint.

16. Denies the allegations set forth in paragraph "II-D(12)" of the Amended Complaint.

17. Denies allegations set forth in paragraph "II-D(13)" of the Amended Complaint.

18. Denies the allegations set forth in paragraph "III" of the Amended Complaint.

19. Denies the allegations set forth in Paragraph "IV" of the Amended Complaint, and all of its subparts, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein as to whether plaintiff filed a grievance with his criminal defense attorney.

20. Denies the allegations set forth in paragraph "V" of the Amended Complaint, except admits that plaintiff purports to seek relief as stated therein.

21. Denies knowledge or information sufficient to form a belief as to paragraph "VI" of the Amended Complaint, and all of its subparts.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

22. The Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

23. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

24. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of Defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

25. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

26. There was reasonable suspicion and/or probable cause for any stop, seizure and/or search.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

27. Plaintiff provoked any incident.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

28. Defendant has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29. At all times relevant to the incident, Defendant acted reasonably and in the proper and lawful exercise of his discretion.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30. To the extent plaintiff alleges state law claims, said claims may be barred by plaintiff's failure to comply with the conditions precedent to suit.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31. To the extent plaintiff alleges state law claims, said claims may be barred in whole or in part by the applicable period of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

32. To the extent plaintiff alleges state law claims, said claims may be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust his administrative remedies.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

34. Plaintiff cannot recover damages for alleged emotional injuries under the Prison Litigation Reform Act because there is no showing of physical injury.

**WHEREFORE,** defendant DETECTIVE EDWARD SINCLAIR requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 7, 2014

                                 ZACHARY W. CARTER
                                 Corporation Counsel of the City of New York
                                 *Attorney for defendant Sinclair*

                                       /s/
By: _____
                                 Daniel H. Oliner
                                 Assistant Corporation Counsel
                                 Special Federal Litigation Division
                                 New York City Law Department
                                 100 Church Street, Room 3-160
                                 New York, New York 10007
                                 (212) 356-2329

To: James Lynch
353 Kingsborough 3rd Walk
Apt.# 3D
Brooklyn, NY 11233
*Plaintiff pro se*
(*via first class mail*)